PRITCHARD, Judge.
In this workers' compensation case, the question is which of two possible employers is responsible for benefits under the Workers’ Compensation Law to an employee injured on October 26,1981. An Administrative Law Judge found that United Steel Erectors was the responsible employer, which was affirmed by the Labor and Industrial Commission.
George Charlton, known in the trade as one of the best iron workers in central Missouri, was working regularly for respondent, L & M Erectors, a few months before he went to United Steel to work on a building it was providing steel for in Boone County, Missouri. The issue is whether Charlton was a “borrowed employee” and under “loan” to United Steel by L & M Erectors. United Steel had a contract with Smarr to erect the steel work on the building, and L & M had no interest in that contract.
The arrangement between L & M and United Steel was that the latter would pay L & M $25 per hour per man (for two men) and $100 per week for the use of tools and a truck by the employees.
*274 Charlton and another L & M employee, Duncan, entered into their duties with United Steel about 2½ weeks before October 26, 1981, when Charlton fell from the roof of the project and was injured. Prior to that time United Steel had pulled its foreman and 6 or 7 men off the Boone County job and sent them to the A.P. Green job in Mexico, Missouri, which was more lucrative. Charlton was to replace United Steel’s foreman. L & M loaned Charlton to United Steel because its business was then slow.
Duncan testified that he agreed and consented to go on United Steel’s job, and he and Charlton went there and worked for several weeks with its employees, doing United Steel’s work. Charlton picked up Duncan daily and drove to the job site. It was Duncan’s understanding that if materials were needed, the men would notify United Steel’s owner, Montgomery, who was on the job regularly moving materials with his crane. Charlton was Montgomery’s foreman, running the job for him and supervising other employees.
L & M had nothing to do with United Steel’s job; it had no control over it; no obligation to Smarr, or to anyone other than paying the two loaned men. L & M’s McGinnis testified that Charlton consented to go over to United Steel to finish up the job.
Under the facts, the case of Ellegood v. Brashear Freight Lines, Inc., 236 Mo.App. 971, 162 S.W.2d 628 (1942), is controlling. There, plaintiff sought to sue a “special employer” in tort, and the issue was whether plaintiff was a borrowed employee whose action would be barred by the Workers’ Compensation Act. At page 633[4], the court set forth the law to be “that the relation of employer and employee exists as between a special employer to whom an employee is loaned and said employee whenever the following facts concur: (a) consent on the part of the employee to work for the special employer [not only did McGinnis testify that Charlton consented to United Steel’s employment, but Ballard v. Leonard Brothers Transport Co., Inc., 506 S.W.2d 346, 351 (Mo.1974), holds that such consent may be inferred from Charlton’s action in proceeding with the employment, his general acceptance of it, and his obedience to United Steel’s orders]; (b) actual entry by the employee upon the work of and for the special master pursuant to an express or implied contract so to do [Charlton actually entered into United Steel’s work on the job, and it is clear that an express contract was entered between it and L & M to reimburse the latter for his services]; (c) power of the special employer to control the details of the work to be performed and to determine how the work shall be done and whether it shall stop or continue.” [Unquestionably, United Steel, pursuant to its contract with Smarr, had the power to control the details of the work, and whether it would stop or continue.] (Bracketed material here added.) See also Wright v. Habco, Inc., 419 S.W.2d 34 (Mo.1967); and Tractor-Trailer Supply Co. v. Wilbur Waggoner Equipment Rental and Excavating Co., Inc., 539 S.W.2d 465 (Mo.App.1976). If there was a presumption of Charlton’s continued employment for workers’ compensation purposes with L & M under Schepp v. Mid City Trucking Co., 291 S.W.2d 633 (Mo.App.1956), it was rebutted by the facts of this case. Nor is there any merit in United Steel’s argument that no one controlled Charlton’s work because he was foreman and made all of the decisions about the details of the work, or in the fact that the $25 per day reimbursement for Charlton’s services may have included an amount for L & M’s insurance premiums for workers’ compensation.
The Commission’s findings, adopting the Administrative Law Judge’s findings, are supported by competent and substantial evidence, and do not erroneously apply the law. Ellegood, supra.
The judgment is affirmed.
All concur.